```
               UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN TOLEDO,                    : CIVIL NO.  3:10-CV-1519
                                :
             Petitioner         : (Judge Munley)
                                :
        v.                      : (Magistrate Judge Smyser)
                                :
WARDEN SCISM,                   :
                                :
             Respondent         :
```

**REPORT AND RECOMMENDATION**

On July 22, 2010, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner claims that the Bureau of Prisons (BOP) has failed to properly consider him for as long of a period of pre-release custody placement in a residential re-entry center (RRC) pursuant to the Second Chance Act of 2007 as he is seeking to have. He seeks a placement in an RRC for more than six months.

On August 17, 2010, the respondent filed a response to the petition. On August 24, 2010 the petitioner filed a reply.

The petitioner was sentenced in the United States District Court for the Western District of New York to a 60-month term of imprisonment for unlawful manufacture of 100 or more marijuana plants and possession of a firearm by a felon, which

are in violation of 21 U.S.C. § 841(A)(1) and 18 U.S.C. § 922(G)(1), respectively. *Doc. 5-2, Decl. of Daniel Thomas* at ¶2. The petitioner has been incarcerated at the Low Security Correctional Institution (LSCI) at Allenwood, Pennsylvania since March 19, 2009. *Id.* The petitioner's projected release date, via Good Conduct Time release, is November 25, 2011. *Id.*

On October 26, 2009, the petitioner filed an inmate request asking staff at LSCI for information regarding the Second Chance Act and how to receive more than six months in an RRC. *Doc. 1,* at 14. The petitioner received a response stating that the matter would be discussed at the petitioner's scheduled program review and that the petitioner was currently approved for six months of RRC placement. *Id.* On November 5, 2010, the petitioner filed an Informal Resolution request asking for more than six months in an RRC. He received a response stating that his Unit Team believes that six months is appropriate. *Id*. at 15. On November 13, 2009, the petitioner filed a Request for Administrative Remedy asking for more than six months RRC placement under the Second Chance Act. *Id*. at 16. On December 3, 2009, respondent Warden Scism replied to the petitioner's Request for Administrative Remedy, explaining the criteria that were considered, denying the Request for Administrative Remedy and instructing the petitioner how to appeal the denial. *Id*. at 17.

2

On December 14, 2009, the petitioner filed a Regional Administrative Appeal with a letter explaining why he felt that his Unit Team's allotment to him of six months RRC placement was insufficient. *Id*. at 18-19. On January 20, 2010, the Regional Director responded, stating that the Unit Team would reconsider the petitioner's need for community programs at the petitioner's next review in April 2010. *Id*. at 20.

On February 2, 2010, the petitioner filed an appeal with the Central Office. *Id*. at 21. On April 10, 2010, a program review considering the petitioner for RRC placement was completed. *Doc. 5-2, Decl. of Daniel Thomas* at ¶7. The outcome of the review was that the petitioner may be recommended for 150-180 days of RRC placement. *Id*. On May 26, 2010, the petitioner received a response denying his February 2, 2010 appeal.[1] *Doc. 1,* at 23. In denying the appeal, the Administrator reminded the petitioner that while the staff refer inmates for pre-release placement, the final decision on the location and length of the placement is within the discretion of a Community Corrections Manager (CCM). *Id*.

---

1. 28 C.F.R. § 542.18, provides that a response shall be made by the General Counsel within 40 calendar days and that that response time may be extended once by 20 days. Section 542.18 further provides that "[i]f the inmate does not receive a response within the time allotted for a reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

The petitioner filed another inmate request on April 14, 2010, after his Unit Team review, requesting an additional two to six months in RCC placement. *Id.* at 27. The petitioner received a response stating that his Unit Team feels that a six month placement is appropriate. *Id.* As of August 11, 2010, the petitioner has not been referred to the appropriate CCM for RRC placement. *Doc. 5-2, Decl. of Daniel Thomas* at ¶6.

The Second Chance Act, effective April 9, 2008, amended 18 U.S.C. § 3624(c). 18 U.S.C. § 3624(c) now provides, in pertinent part:

> (1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The petitioner contends that the Second Chance Act and the necessary criteria to be considered in determining the length of an RRC placement set forth under 18 U.S.C. § 3621(b) were not appropriately applied in setting the length of his future RRC placement. The petitioner requests a court order to the respondent directing that the petitioner's RRC placement be

4

for a period of time longer than six months. The respondent contends that the petition should be dismissed because the petitioner's claim is premature and because the petitioner has not alleged a violation of federal law, as is required for habeas relief to be available to the petitioner.

"Article III of the Constitution limits the "judicial Power" of the United States to the adjudication of "Cases" or "Controversies." *Pittsburgh Mack Sales & Service, Inc. v. International Union of Operating Engineers, Local Union No. 66,* 580 F.3d 185, 190 (3d Cir. 2009)(quoting U.S. Const. art. III, § 2). "Courts enforce the case-or-controversy requirement through several justiciability doctrines that 'cluster about Article III.'" *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). One of those doctrines is the ripeness doctrine. *Id.*

"Ripeness prevents courts from 'entangling themselves in abstract disagreements.'" *Surrick v. Killion,* 449 F.3d 520, 527 (3d Cir. 2006)(quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). "In determining whether a dispute has matured to a point to require judicial adjudication, courts must consider 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands,* 385 F.3d 801, 806

(3d Cir. 2004)(quoting *Abbott Labs, supra,* 387 U.S. at 149). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. U.S.,* 523 U.S. 296, 300 (1998)(quoting *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 580-81 (1985)). "Ripeness is a matter of degree whose threshold is notoriously hard to pinpoint." *NE Hub Partners, L.P. v. CNG Transmission Corp.,* 239 F.3d 333, 341 (3d Cir. 2001).

The respondent contends that the petitioner's claim is premature because, although his Unit Team has reviewed his RRC placement eligibility, no referral has been made to the appropriate CCM, as it is procedurally too soon for such a referral to be made, nor has any final decision been made with regard to the length of time the petitioner will spend in an RRC placement. The respondent contends that because no final decision had been made, the petitioner has not suffered any injury and, accordingly, his claim is not ripe.

The record in this case indicates that neither a final decision nor a final recommendation regarding the amount of time that the petitioner will be placed in a RRC has been made. Although it has been indicated that the petitioner will likely be

recommended for 150-180 days in a RRC, it has also been indicated in the responses to the petitioner's administrative remedy appeals that a final decision has not yet been made. It may be that the final recommendation or decision will be for placement in a RRC for more than 180 days. Absent a final determination by the BOP, we agree with the respondent that the petitioner's claim is not ripe.

We will recommend that the petition be dismissed. We will recommend that the dismissal be without prejudice to the petitioner filing another petition, if necessary, after a final decision as to the amount of time that he will be placed in a RRC is made and after he has exhausted administrative remedies as to that final decision.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and that the case file be closed.

                                                           **/s/ J. Andrew Smyser**
                                                           J. Andrew Smyser
                                                           Magistrate Judge

Dated: September 17, 2010.