## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN TOLEDO, | : | No. 3:10cv1519 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| WARDEN SCISM, | : | |
| Respondent | : | |

..........................................................................................................................................

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge J. Andrew Smyser (Doc. 7) which proposes that the petition for a writ of habeas corpus (Doc. 1) be denied. The petitioner has filed his objections (Doc. 8) to the report, by way of letter, and the matter is ripe for disposition.

## BACKGROUND

Petitioner John Toledo ("Toledo") is currently incarcerated at Low Security Correctional Institution Allenwood ("LSCI Allendwood"). (Pet. (Doc. 1 at 1)). He is serving a sixty-month sentence for unlawful manufacture of 100 or more marijuana plants and possession of a firearm by a felon, in violation of 21 U.S.C. § 841(A)(1) and 18 U.S.C. § 922(G)(1). (Id.; Decl. of Case Manager Daniel Thomas ("Thomas Decl.") ¶ 2 (Doc. 5-2)). Toledo's projected release date is November 25, 2011. (Thomas Decl. ¶ 2 (Doc. 502)).

On October 26, 2009, Toledo filed an inmate request asking Case Manager Daniel Thomas ("Thomas") for information regarding the Second Chance Act and how to receive more than six months in a Residential Reentry Center ("RRC"). (Doc. 1 at 14); Pub. L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692. Thomas responded that the matter would be discussed at Toledo's scheduled program review and that he was currently approved for six months of RRC placement. (Id.)

On November 5, 2009, Toledo filed an Informal Resolution request asking for more than six months in a RRC.  He received a response on November 12, 2009 stating that his Unit Team believed that six months was appropriate.  (Id. at 15).

On November 13, 2009, Toledo filed a Request for Administrative Remedy asking for more than six months of RRC placement under the Second Chance Act.  (Id. at 16).  On December 3, 2009, Respondent Warden William A. Scism ("Scism") denied the request.  (Id. at 17).  Specifically, Scism noted that Toledo had friends on his approved visiting list– evidencing his ties to the community; that Toledo earned his GED (General Educational Development); that Toledo had carpentry, trucking and culinary skills; and that Toledo had received $587.00 from outside sources– evidencing significant financial support.  (Id.)

On December 14, 2009, Toledo filed a Regional Administrative Appeal. (Id. at 18-19).  Toledo stated that he had no significant community ties, no living family, no place to live, an expensive medical condition, and would have difficulty finding employment due to the economy.  (Id.)  On January 20, 2010, Regional Director J. L. Norwood ("Norwood") explained that, according to Bureau of Prisons ("BOP") policy, inmates are reviewed for RRC placement seventeen to nineteen months prior to their projected release date.  (Id. at 20).  Norwood, noting that Toledo's projected release date was November 25, 2011, stated that the Unit Team would reconsider Toledo's need for community programs in April 2010.  (Id. at 20).

On February 2, 2010, Toledo appealed to the Central Office.  (Id. at 21 - 22).  The appeal was denied on May 26, 2010 by National Inmate Appeals Administrator Harrell Watts ("Watts").  (Id. at 23).  Watts stated that Toledo had been evaluated for RRC placement during his April 10, 2010 program review.  (Id.; Thomas Decl. ¶7 (Doc. 5-2)).  The staff had

2

recommended Toledo for 150 - 180 days of RRC placement. (Doc. 1 at 23; Thomas Decl. ¶7 (Doc. 5-2)). Case Manager Thomas states that this recommendation "was based on the fact that [Toledo] had family support, secured residency, and had earned a CDL while incarcerated." (Thomas Decl. ¶7 (Doc. 5-2)). In denying the appeal, the Administrator reminded Toledo that the final decision on the location and length of the placement is within the discretion of a Community Corrections Manager ("CCM"). (Doc. 1 at 23).

Toledo filed another inmate request on April 17, 2010, after his Unit Team review, repeating that his circumstances warranted RRC placement greater than six months and requesting the same. (Id. at 27). A staff member responded that the Unit Team considered a six month placement to be appropriate. (Id.) As of August 11, 2010, Toledo has not been referred to the appropriate CCM for RRC placement. (Thomas Decl. ¶6 (Doc. 5-2)).

On July 22, 2010 Toledo filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking an order directing the BOP to grant Toledo more than six months in a RRC. (Doc. 1 at 9). In his petition, Toledo disputes the Unit Team's recommendation and its application of the Second Chance Act criteria to his case. He particularly disputes the Unit Team's finding that he has a CDL. Toledo clarifies that he has only taken a preparatory class for the written portion of the CDL exam. Toledo admits that he does have skills in home improvement, carpentry, and horticulture. Toledo confirms that he has a GED and has taken a business law class. He denies, however, that he has strong family ties. He notes that his parents and grandparents are deceased and that he has a bad relationship with his siblings. He disputes having strong community ties– he alleges that he has had only three visits while incarcerated and that two of these

visits came from an attorney. He states that he has no money, clothing, home, furniture, or family ties. In addition, Toledo has a skin condition which requires expensive medication. Finally, Toldeo indicates that he will have difficulty finding a job, given the high rate of unemployment. He argues that it is contradictory for the BOP to offer job skill classes to promote inmate employment upon release, but count those classes against a prisoner's RRC placement time– time which is designed to help integrate prisoners into society and allow them to gain employment.

On September 17, 2010, Magistrate Judge J. Andrew Smyser issued a recommendation that the petition be dismissed as being premature. (Doc. 7). On September 24, 2010, Toledo filed his objections to the report and recommendation, bringing the case to its present posture. (Doc. 8).

**JURISDICTION**

Because this case is brought under 28 U.S.C. §§ 2241 ("Section 2241"), the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485.

(quoting 28 U.S.C. §§ 2241(a) and (c)(3)). Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). The Third Circuit has also found Section 2241 to be the appropriate means to challenge a decision to exclude an inmate from release to an RRC. See Woodall, 432 F.3d at 243-44.

**STANDARD OF REVIEW**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A habeas petition and any supporting submissions filed *pro se* must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989). However, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief. See

5

<u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  <u>See also</u> 28 U.S.C. §§ 2243, 2255.

**DISCUSSION**

In recommending dismissal, Judge Smyser notes that there has not been a final decision or final recommendation for a RRC placement, and that it is possible that Toledo's actual RRC placement could exceed the recommended 150 - 180 days.  (Doc. 7).  Judge Smyser concludes that Toledo's petition is not ripe for disposition until the BOP makes a final determination.  (<u>Id.</u>)

Toledo objects that at every stage of his administrative review process BOP staff have indicated that six months is the appropriate placement– a conclusion with which Toledo disagrees.  (Doc. 8).  He argues further that, he is now fourteen months from his projected release date of November 25, 2011 and does not have time to wait for a final placement recommendation and an additional round of administrative review if he is to receive any benefit from an extended release.  (<u>Id.</u>)  He requests permission to re-file with the court immediately upon a final determination.  (<u>Id.</u>)

**1. Appropriateness of Placement**

The Bureau of Prisons has authority to determine inmate placements according to 18 U.S.C. §§ 3621(b) and 3624(c).  Section 3621(b) gives the BOP authority to determine the location of an inmate's imprisonment.  Section 3624(c) "describes the BOP's obligation to prepare prisoners for community re-entry by, inter alia, placing them in community confinement." <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 239 (3d Cir. 2005).

The Second Chance Act (Pub. L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692) re-wrote the pre-release custody placement statute,

18 U.S.C. § 3624(c)(1), by increasing the maximum period of RRC placement from six to twelve months.  Moreover, it requires the BOP to issue regulations ensuring that RRC placement decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b)[1]; (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration.  18 U.S.C. § 3624(c)(6).

At this juncture, Toledo has not received his final placement decision. (See Report and Recommendation of Magistrate Judge J. Andrew Smyser at 6 (Doc. 7); Thomas Decl. ¶6 (Doc. 5-2)).  Accordingly, we cannot determine whether the BOP has complied with the statutory factors

---

[1]18 U.S.C. § 3621(b) provides:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence--
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

outlined in section 3621.  For this reason, we agree with the magistrate judge that this petition is not yet ripe for disposition.  See Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66, 580 F.3d 185, 190 (3d Cir. 2009) ("The ripeness doctrine determines 'whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'") (quoting Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)).  Accordingly, the petition for a writ of habeas corpus seeking an RRC placement longer than six months will be denied.

## 2. Leave to Re-file Directly with District Court

Toledo requests permission to bypass the administrative review process he anticipates upon a final recommendation by the CCM. Although section 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus.  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996).  Accordingly, we will deny Toledo's request to re-file his petition directly with this court without first exhausting the BOP's administrative review process.

## CONCLUSION

For the reasons stated above, the report and recommendation will be adopted and the petition for a writ of habeas corpus will be denied without prejudice to petitioner re-filing upon a final RRC placement decision.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN TOLEDO, | : | No. 3:10cv1519 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| WARDEN SCISM, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this  14th  day of October 2010, the report and recommendation of the magistrate judge (Doc. 7) is **ADOPTED** and the petitioner's objections (Doc. 8) are **OVERRULED.**  The instant petition for a writ of habeas corpus (Doc. 1) is hereby **DENIED.**  The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY
United States District Court**

9